# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JULIAN MULLINS,<br><br>              Plaintiff,<br><br>     v.<br><br>R. WENCIKER, et al.,<br><br>              Defendants.<br>                                                          / | CASE NO. 1:07-CV-00108 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>OBJECTIONS DUE IN 30 DAYS<br><br>(Doc. 6) |

Plaintiff Edward Julian Mullins ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on two complaints in this case on July 21, 2006, and July 18, 2006, respectively. On May 14, 2007, plaintiff filed a motion for preliminary injunction seeking an order mandating his transfer from Pelican Bay State Prison, where he allegedly fears for his safety.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

1

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In this instance, there is not yet an actual case or controversy before the court. Plaintiff's case has not yet been screened by the court. The will not be an actual case or controversy until the court makes a finding that plaintiff's compliant states cognizable claims for relief under federal law against one or more of the named defendants. Once that occurs, the court will not have any jurisdiction over the named defendants until they are served with process and make an appearance in this action.

Assuming that the court makes such a finding and one or more defendants are served and make an appearance in this action, plaintiff will still not be entitled to the relief he seeks in his motion. Plaintiff's initial 1983 claims arise from conditions he was allegedly subjected to while at Tehachapi State Prison. Plaintiff is currently housed at Pelican Bay State Prison and seeks an order mandating his transfer out of that facility. In the motion for preliminary injunction plaintiff names Robert Horel (Warden), F. Jacquec (C.D.W.) as defendants. These defendants were not listed in the initial complaints since plaintiff was not even housed at Pelican Bay State Prison at the time the 1983 compliant was filed. As such, the motion for preliminary injunction is based on different facts and is filed against different defendants than those raised in plaintiff's 1983 complaints. The court does not and will not have jurisdiction in this action over prison officials at Pelican Bay State Prison. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Moreover, this court has no authority to order that state officials transfer prisoners to other facilities.

1  Based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's motion for preliminary
2  injunctive relief be DENIED.
3       These Findings and Recommendations will be submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
5  **days** after being served with these Findings and Recommendations, plaintiff may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
9  1153 (9th Cir. 1991).

13      IT IS SO ORDERED.
14      **Dated:   May 17, 2007**                 **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE