1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

EDWARD JULIAN MULLINS,                    CASE NO. 1:07-CV-00108 LJO DLB P

10
                              Plaintiff,      FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING PLAINTIFF'S MOTIONS
11         v.                                 FOR PRELIMINARY INJUNCTIVE
                                              RELIEF/TEMPORARY RESTRAINING
12   R. WENCIKER, et al.,                     ORDER BE DENIED

13                            Defendants.      OBJECTIONS DUE IN 30 DAYS

14   _____/      (Docs. 6, 11, 12, 14)

15
A.      Procedural History
16
             Plaintiff Edward Julian Mullins ("plaintiff") is a state prisoner proceeding pro se in this
17
     civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint in this case on July
18
     24, 2006. (Doc. 1(6)).  He subsequently filed an amended complaint on August 25, 2006.[1] (Doc.
19
     2(9)).  Plaintiff alleges that prison officials have violated the Fourteenth Amendment by denying
20
     him due process of law.  Specifically, plaintiff alleges that prison officials destroyed his legal
21
     materials including appeal documents which restricted  his access to the appeal process and that
22
     prison officials also destroyed other personal property.  Additionally, plaintiff alleges defendants
23
     violated the Eighth Amendment by transferring him to Pelican Bay State Prison (PBSP) where he
24
     is in danger of harm.
25
             Pending before the court is plaintiff's motion for preliminary injunction filed on May 14,
26
27

28
     _____
          [1] There was also another complaint lodged on July 18, 2006, and docketed on July 21, 2006. (Doc. 1)

                                              1

2007, in which plaintiff requests that he be transferred  PBSP because of safety concerns. [2]  In support of this motion, plaintiff filed a supplemental brief on August 10, 2007.   Plaintiff is also seeking a transfer to be closer to his mother who is very ill.

On August 10, 2007, plaintiff also filed a "motion to dispense with requirement of security." In this motion, he requests that the court grant a temporary restraining order, or in the alternative, a preliminary injunction directing that defendants dismiss a report against him for battery which resulted in his placement in administrative segregation.   He is also requesting his release from administrative segregation and a transfer from PBSP.

In his filings on August 10, 2007, plaintiff indicated that he had begun a hunger strike in the beginning of August 2007.  On August 27, 2007, the court ordered that defendant Warden Horel provide information to the court regarding plaintiff's hunger strike as well as his status at PBSP.[3] Defendant Horel filed responses on August 31, 2007 and September 19, 2007 respectively. (Docs. 17-20).  Plaintiff is no longer on a hunger strike and his health is stable. Plaintiff filed supplemental declarations in support of his motions on September 14, 2007. (Doc. 27).[4]  On October 15, 2007, plaintiff also filed an affidavit and response to defendant Horel's reply to plaintiff's motion. (Doc. 30).  The court has reviewed all of these documents in consideration of plaintiff's motions.

B.     Plaintiff's Motions

     I.  Request to Transfer Out of PBSP

On May 14, 2007, plaintiff filed a motion for  preliminary injunction to transfer him from PBSP to a Sensitive Needs Yards (SNY)  or to a Level 4 "soft (270) yard."  He alleges that since his arrival at PBSP in August 2006,  he has told prison officials that he is not safe.  He has

---

[2] This preliminary injunction was denied by the District Court and remanded back to the Magistrate Judge for further consideration on August 28, 2007, after plaintiff filed a motion for reconsideration . (Doc. 16).

[3] The State Attorney General's Office was permitted to make a special appearance in responding to this motion.

[4] Plaintiff has also filed a Motion to Return Illegally Seized Property (Doc. 26), a Motion to Request Production of Documents (Doc. 25) and a Motion to Compel Discovery (Doc. 28).  A separate order will be issued for these motions.

1   requested a transfer but his requests have been denied.  He alleges prison officials have limited

2   his right to appeal the decision.  During his incarceration at PBSP, he has been the victim of two

3   separate stabbing  attempts on October 17, 2006, and April 15, 2007 respectively.  Plaintiff

4   contends that prison officials have been deliberately indifferent to his security concerns.

5       II. Request to Have Battery Charges Dismissed

6       On July 31, 2007, after plaintiff filed his first  motion for a preliminary injunction, he had

7   a physical altercation with another inmate "Sibley."  The altercation allegedly occurred because

8   Sibley thought plaintiff had "snitched" on another inmate "9-Ball" and was responsible for "9

9   Ball's" transfer to another facility.  As a result, plaintiff was charged with battery and placed in

10  administrative segregation.  Sibley was issued a report for battery on an inmate but was not

11  placed in administrative segregation.

12      On August 10, 2007, plaintiff filed a motion for preliminary injunction requesting again

13  that he be transferred to a "soft level" facility and that the charges for battery against him be

14  dropped. Plaintiff alleges that he is danger of immediate and irreparable injury. Additionally, on

15  September 14, 2007, plaintiff submitted documents demonstrating that his mother is very ill and

16  that he wants to be transferred to another facility so that he may be closer to her.

17  C.   Discussion

18      The court considers the plaintiff's motions as motions for preliminary injunctions. The

19  purpose of a preliminary injunction is to preserve the status quo if the balance of equities so

20  heavily favors the moving party that justice requires the court to intervene to secure the positions

21  until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451

22  U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates

23  either (1) a combination of probable success and the possibility of irreparable harm, or (2) that

24  serious questions are raised and the balance of hardship tips in its favor."  Arcamuzi v.

25  Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the

26  plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction

27  should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a bare

28  minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions

3

1   serious enough to require litigation." Id.

2       Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

3   must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95,

4   102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of

5   Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los

6   Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or

7   controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court

8   may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter

9   jurisdiction over the claim; it may not attempt to determine the rights of persons not before the

10  court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

11      In this instance, there is not yet an actual case or controversy before the court. Plaintiff's

12  case has not yet been screened by the court. There will not be an actual case or controversy until

13  the court makes a finding that plaintiff's compliant states cognizable claims for relief under

14  federal law against one or more of the named defendants. Once that occurs, the court will not

15  have any jurisdiction over the named defendants until they are served with process and make an

16  appearance in this action.

17      Assuming that the court makes such a finding and one or more defendants are served and

18  make an appearance in this action, plaintiff will still not be entitled to the relief he seeks in his

19  motions. Plaintiff requests that he be transferred from PBSP because he has been the victim of

20  attempted murders and he allegedly fears for his safety. This court has no authority to order that

21  state prison officials transfer prisoners to other facilities. Even if such authority existed, the court

22  would still deny plaintiff's motion. Defendant Horel indicates that plaintiff would not be eligible

23  for a transfer to either a Sensitive Needs Yards or a "soft (270) yard" due to his significant

24  disciplinary history including his placement in a SHU within the last three years. See, Defendant

25  Horel's Response to Motion for Injunctive Relief (Doc. 18) at pgs. 4-5.

26      Further, since plaintiff has been placed in administrative segregation, he is no longer in

27  imminent fear for his safety. He is separated from the rest of the prison population and no longer

28  faces the possibility of irreparable harm from other inmates. In fact, it appears that in an appeal

1  plaintiff filed on July 26, 2006, he indicates that he "voluntarily" chose to place himself into

2  administrative segregation to due to safety and security concerns. See, Plaintiff's Motion for

3  Preliminary Injunction filed May 14, 2007 (Doc. 6) at 12.  When an inmate seeks injunctive or

4  declaratory relief concerning the prison where he is incarcerated, his claims for such relief

5  become moot when he is no longer at that facility.  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir.

6  2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519

7  (9th Cir. 1991).  While plaintiff is still housed at PBSP, he is now confined to administrative

8  segregation that significantly restricts the ability of other inmates to harm him. Therefore, his

9  concerns related to his physical safety are significantly diminished and his request for a transfer

10  from PBSP on that basis is denied.

11  Additionally, plaintiff's request to be transferred so that the can be closer to his mother is

12  also denied.  A prisoner has no right to transfer to a prison to be closer to family.  Davis v.

13  Carlson, 837 F. 2d 1318, 1319 (5th Cir. 1988); Beshaw v. Fenton, 635 F. 2d 239, 246 (3d Cir.

14  1980) (transfer to facility not easily accessible to prisoner's relatives does not implicate liberty

15  interests protected by the Due Process Clause), cert. denied, 453 U.S. 912, 101 S. Ct. 3141

16  (1981).

17  Finally, if a case or controversy existed, the court would also dismiss plaintiff's motion

18  related to the dismissal of the pending battery charges. First, these claims occurred after the filing

19  of plaintiff's amended complaint. Because an order mandating dismissal of plaintiff's battery

20  charges and release from administrative segregation at PBSP would not remedy the claim upon

21  which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff.

22  Additionally, his claim is not ripe for review since there has been no disposition on the charges,

23  nor has plaintiff attempted to complete the state disciplinary appeal process. Thus, plaintiff has

24  not demonstrated a violation of a protected liberty interest that this court has authority to address.

25  Based on the foregoing, it is HEREBY RECOMMENDED as follows :

26  1) Plaintiff's motion for preliminary injunctive relief filed on May 14, 2007 requesting his

27  transfer to another facility be DENIED; and

28  2) Plaintiff's motion for preliminary injunction filed on August 10, 2007 requesting that

1 | the battery charges against him be dismissed and that he be removed from administrative

2 | segregation and transferred to another facility be DENIED.

3 | These Findings and Recommendations will be submitted to the United States District

4 | Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

5 | **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file

6 | written objections with the court.  The document should be captioned "Objections to Magistrate

7 | Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

8 | the specified time may waive the right to appeal the District Court's order.  Martinez v. Yist, 951

9 | F.2d 1153 (9th Cir. 1991).

10 | The clerk of the court shall serve a copy of these Findings and Recommendations on the

11 | counsel listed below :

12 |

13 | Constance L. Picciano
Deputy Attorney General

14 | 1300 I Street, Suite 125
P.O. Box 944255

15 | Sacramento, California 94224-2550

16 |

17 | IT IS SO ORDERED.

Dated:   **October 19, 2007**                    **/s/ Dennis L. Beck**

18 | UNITED STATES MAGISTRATE JUDGE