# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JULIAN MULLINS, | CASE NO. 1:07-CV-00108 OWW DLB P |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL DISCOVERY |
| v. | ORDER DENYING REQUEST FOR DOCUMENTS |
| R. WENCIKER, et al., | |
| Defendants. | ORDER DENYING MOTION FOR RETURN OF PROPERTY |
| / | (Docs. 25, 26, 27, and 28) |

    Plaintiff Edward Julian Mullins ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 14, 2007, plaintiff filed a document entitled "Plaintiff's First Request for Production of Documents." (Doc. 25). In this filing, plaintiff requests that defendant Horel produce a video, an incident package, and a medical report related to an altercation plaintiff was involved in at Pelican Bay State Prison (PBSP) on April 15, 2007. On September 21, 2007, plaintiff filed a Motion to Compel Discovery requesting that the court order defendant Horel to produce the items listed above pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. (Doc. 28). Finally, plaintiff has also filed a Motion to Return Illegally Seized Property. (Doc. 26 and 27). In this motion, plaintiff requests that the court issue an order requiring that defendants return his television set that was taken from him on August 2, 2007, when he was placed in administrative segregation at PBSP.

    All three of these motions will be denied as they are premature. Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or

controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Plaintiff's case needs to be screened by the court to determine if plaintiff's compliant states cognizable claims for relief under federal law against one or more of the named defendants. Once that occurs, the court will not have any jurisdiction over the named defendants until they are served with process and make an appearance in this action. If it is determined that the case presents a cognizable claim, the court will issue an order which will give the parties instructions regarding the discovery process and set discovery deadlines. Plaintiff should not file additional requests for discovery or discovery motions until this process is completed and the court issues an order outlining the parameters of the discovery process.

Additionally, plaintiff's motion requesting the return of his television set is also denied. In addition to being premature, plaintiff's motion relates to an incident that occurred at PBSP in August of 2007, after the filing of his amended complaint on August 25, 2006. (Doc. 2-9). Because an order mandating the return of the plaintiff's property would not remedy the claim upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff. Further, since there is no constitutional right to possess a television set, this court has no authority to order defendants to return plaintiff's property to him.

IT IS HEREBY ORDERED that the above motions plaintiff filed on September 14, 2007 September 21, 2007 are DENIED.

IT IS SO ORDERED.

**Dated:   October 19, 2007**          **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE