IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. MULLINS, | CASE No.: 1:07-cv-00108 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF BE DENIED |
| vs. | |
| R. WENCIKER, | |
| Defendant. | (Doc. 39) |
| _____/ | OBJECTIONS, IF ANY, DUE IN FIFTEEN (15) DAYS |

Plaintiff Edward Julian Mullins ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's due process claim against defendant Wenciker. On February 28, 2008, plaintiff filed a motion for a temporary restraining order/ preliminary injunction requiring defendants to locate, return, and issue to plaintiff all his property. Plaintiff states that when he was transferred to CSP - Lancaster, staff negligently failed to load his property onto the bus with him.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable

1  injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the
2  merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,
3  or questions serious enough to require litigation." Id.

4      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have
5  before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,
6  1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454
7  U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th
8  Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the
9  matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the
10 parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of
11 persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.
12 1985) (emphasis added).

13     This action is proceeding against defendant Wenciker for the destruction of plaintiff's photos,
14 in violation of the Due Process Clause. Because an order mandating the return of plaintiff's property
15 left behind during his transfer would not remedy the claim upon which this action proceeds, the court
16 lacks jurisdiction to issue the order sought by plaintiff. Therefore, the court HEREBY RECOMMENDS
17 that plaintiff's motion for preliminary injunctive relief, filed February 28, 2008, be DENIED.

18     These Findings and Recommendations will be submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days**
20 after being served with these Findings and Recommendations, plaintiff may file written objections with
21 the court. The document should be captioned "Objections to Magistrate Judge's Findings and
22 Recommendations." Plaintiff is advised that failure to file objections within the specified time may
23 waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
24     IT IS SO ORDERED.

25     Dated:   **August 11, 2008**       /s/ **Dennis L. Beck**
                                                                                UNITED STATES MAGISTRATE JUDGE