# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. MULLINS, | CASE NO. 1:07-cv-00108-LJO-DLB (PC) |
| Plaintiff, | ORDER DISREGARDING MOTION TO AMEND AS UNNECESSARY |
| v. | (Doc. 80) |
| R. WENCIKER, et al., | FINDINGS AND RECOMMENDATIONS FOLLOWING SCREENING OF SECOND AMENDED COMPLAINT |
| Defendants. | |
| | (Doc. 79) |
| _____ / | OBJECTIONS, IF ANY, DUE IN 20 DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.  Background**

Plaintiff, Edward J. Mullins, ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed an incomplete copy of his complaint on July 18, 2006 in the Central District of California.  Plaintiff filed his complete complaint on July 24, 2006.  Plaintiff then filed a motion to amend his complaint.  On August 14, 2006, the Court granted Plaintiff's motion, dismissed Plaintiff's original complaint, and ordered Plaintiff to file a first amended complaint.  Plaintiff filed a first amended complaint on August 25, 2006.

On January 19, 2007, this action was transferred to the Eastern District of California.  On April 4, 2008, this Court filed its screening order of Plaintiff's original complaint filed July 24, 2006.  On October 6, 2008, Plaintiff filed a motion to amend his complaint (Doc. 73).  Plaintiff indicated

1

that the Court had not screened his first amended complaint, but rather his original complaint that had previously been dismissed. On October 30, 2008, the Court issued an order granting Plaintiff the election to proceed with his original and screened complaint filed July 24, 2006, with his first amended complaint filed August 25, 2006, or to file a second amended complaint. (Doc. 77).

Plaintiff has elected to file a second amended complaint. (Docs. 79-80). Plaintiff also filed with his second amended complaint a motion for leave to amend. In light of the fact that the Court granted plaintiff leave to amend, Plaintiff's motion is disregarded as unnecessary, and the Court does not consider defendant's opposition or Plaintiff's reply. (Docs. 82, 83). Plaintiff's second amended complaint is now subject to the Court's screening below.

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### A. Summary of Plaintiff's Second Amended Complaint

Plaintiff names twenty-one defendants in this action for events allegedly occurring at California Correctional Institution - Tehachapi, Pelican Bay State Prison, and California State Prison - Los Angeles County. Plaintiff seeks money damages, attorneys' fees and costs, and equitable relief.

### B. Events at California State Prison - Tehachapi

#### i. Claims Regarding Property Deprivation

Plaintiff alleges that on May 1, 2006, a Director's Level decision ordered that Plaintiff's personal property be returned to him as soon as possible. Despite the decision, Plaintiff alleges that on May 5, 2006, defendant R. Wenciker destroyed plaintiff's property, including photos of his twin daughters, in retaliation for Plaintiff's litigation activities. (Doc. 79, p. 14). Plaintiff alleges that defendant Wenciker elected not to comply with the California Code of Regulations in disposing of his property, and that the disposal constituted an unauthorized destruction. (Id., p.15 at ¶¶4, 5). Plaintiff alleges a violation of the First Amendment of the United States Constitution for retaliation, the Fifth Amendment Takings Clause, and also violations of the Due Process Clauses under the Fifth and Fourteenth Amendments.

##### a. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

3

F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Plaintiff states a cognizable claim for retaliation against defendant Wenciker, in violation of the First Amendment.

**b.     Fifth Amendment Takings Clause**

Plaintiff alleges that his property was destroyed. The Takings Clause of the Fifth Amendment "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted).

Plaintiff's personal property was not confiscated by defendants for public purpose and his Takings claim fails as a matter of law. See Kelo v. City of New London, Connecticut, 545 U.S. 469, 477-80, 125 S.Ct. 2655, 2661-663 (2005).

**c.     Due Process - Fifth Amendment**

"[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's claim for violation of the Fifth Amendment due process clause against defendant Wenciker fails as a matter of law.

**d.     Due Process - Fourteenth Amendment**

Plaintiff alleges that his personal property was destroyed by defendant Wenciker, who elected not to comply with the regulations. Plaintiff contends that defendant's actions was an "unauthorized destruction". (Doc. 79, p.14 at ¶4; p.15 at ¶6).

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

4

interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

"An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In this instance, Plaintiff's personal property was destroyed through the alleged misconduct of Defendant Wenciker. The state provides a meaningful postdeprivation remedy, and therefore Plaintiff's claim arising from the deprivation of his property is not cognizable under section 1983 and this claim must be dismissed.[1]

### e.  Supervisory Liability

As was previously explained to Plaintiff, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. (Doc. 44, pp. 12-13). When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See

---

[1] Plaintiff has also named N. Grannis, as a defendant. To the extent Plaintiff is attempting to state a separate claim for the resolution of his appeal grieving the loss of his property, that claim also fails. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff names the Director of the Department of Corrections as a defendant, but has not alleged any facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff fails to state a claim against the Director regarding the deprivation of Plaintiff's property.

### ii. Claims regarding transfer to Pelican Bay State Prison

Plaintiff alleges that on July 6, 2006 he attended a unit classification hearing chaired by defendant D. Chapman. Plaintiff states that he asked to be transferred and placed on a sensitive needs facility. Plaintiff states that defendant D. Chapman pulled out a large manilla envelope containing plaintiff's 602 grievances and litigation documents, and slammed it on the desk in front of plaintiff, which Plaintiff construed as " an unverbalized signal of denial of plaintiff's request in retaliation due to his litigious and grievance-filing activities". (Doc. 79, Second Amended Complaint, p.22). At the hearing defendant Chapman denied plaintiff's request for a sensitive needs yard placement, and stated that Plaintiff would be transferred to Pelican Bay State Prison, despite Plaintiff's protests of his enemy concerns. Plaintiff states that he filed numerous appeals regarding the decision, which defendant Chapman either did not receive or ignored. Plaintiff was transferred to Pelican State Prison on July 25, 2006. Plaintiff alleges that the transfer was retaliatory.

Rule 18(a) of the Federal Rules of Civil Procedure provides in relevant part that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may

join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's claims against defendant Chapman are unrelated to the claims alleged against defendant Wenciker discussed above. Plaintiff may not combine unrelated claims against different individuals in a single action. Plaintiff may not pursue his claims regarding his transfer to Pelican State Bay Prison in this action.

### C. Events Occurring at Pelican Bay State Prison and California State Prison - Los Angeles County

Plaintiff states that he was transferred from California Correctional Institution in Tehachapi to Pelican Bay State Prison ("PBSP") on July 25, 2006. Plaintiff was then transferred to California State Prison - Los Angeles County ("CSP-LAC") on February 21 or 22, 2008. Plaintiff alleges a series of constitutional violations occurring at PBSP and CSP-LAC.

The Court has reviewed the remainder of Plaintiff's second amended complaint and finds that the claims are again unrelated to the claims alleged against defendant Wenciker regarding the destruction of Plaintiff's property, and involve different individuals for events occurring at different prisons. These claims may not be pursued in a single action. If Plaintiff wishes to pursue these claims, he must file them in separate actions and pay the appropriate filing fees. In addition, it does not appear that the Eastern District is the appropriate venue since many of events giving rise to Plaintiff's claims occurred outside this district.[2]

---

[2] Finally, Plaintiff filed this action on July 18, 2006. As plaintiff is aware, pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement

7

### D. Declaratory Relief

Plaintiff seeks a declaration that the actions of defendants violated Plaintiff's constitutional rights.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. A declaration that defendant violated plaintiff's rights is unnecessary.

## III. Conclusion and Recommendation

Plaintiff states a cognizable claim against defendant Wenciker for retaliation in violation of the First Amendment regarding the destruction of plaintiff's personal property. However, Plaintiff fails to state any claim upon which relief may be granted for violation of the Fifth or Fourteenth Amendments. Plaintiff has now twice been granted leave to amend his complaint, and has previously been provided with the leave standards most applicable to his claims, but fails to cure the deficiencies addressed. The remainder of Plaintiff's claims are unrelated to plaintiff's claim regarding the destruction of his property, and involve different individuals at different prisons. Because these deficiencies cannot be cured by amendment, the Court recommends that further leave to amend not be granted.[3]

///

---

applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Many of the incidents alleged in Plaintiff's second amended complaint occurred after plaintiff filed suit. Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Even if Plaintiff was not in violation of Rule 18(a) in pursuing these claims here, and even if the Eastern District of California is the appropriate venue to address these claims, many, if not all, of Plaintiff's claims arising from events at PBSP and CSP-LAC would be dismissed without prejudice for failure to exhaust prior to filing suit.

[3]"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).

8

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action proceed only against defendant Wenciker for retaliation in violation of the First Amendment for the destruction of Plaintiff's property;

2. Plaintiff's Fifth Amendment Takings Clause, and Fifth and Fourteenth Amendments Due Process claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

3. Plaintiff's request for declaratory relief be disregarded as unnecessary;

4. The remaining defendants be dismissed for Plaintiff's failure to state a claim against them; and

5. The remainder of Plaintiff's claims be dismissed without prejudice for violation of Rule 18(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 22, 2009**  /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE