# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. MULLINS, | CASE NO. 1:07-cv-00108 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| R. WENCIKER, et al., | |
| Defendants. | (Doc. 85) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Edward J. Mullins ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred from the United States District Court, Central District of California on January 19, 2007.

On February 12, 2009, Plaintiff filed a motion for a temporary restraining order and/or preliminary injunctive relief. (Doc. 85.) Plaintiff seeks an order enjoining prison officials from retaliating against Plaintiff, subjecting Plaintiff to false charges, impeding his access to the courts, depriving Plaintiff of his legal property, and intercepting his legal mail.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

This action is proceeding against defendant Wenciker for retaliating against Plaintiff by destroying Plaintiff's property. The events at issue giving rise to this claim occurred while Plaintiff was incarcerated at California Correctional Institution - Tehachapi. (Docs. 79, 89.) Plaintiff is currently housed at California Substance Abuse Treatment Facility and the injunction sought is aimed at remedying his current conditions of confinement at that prison. The court does not have jurisdiction in this action to issue the order sought, as the case or controversy requirement cannot be met in light of the fact that the issues Plaintiff seeks to remedy in his motion bears no relation to the past events at the California Correctional Institution - Tehachapi giving rise to this suit.

Therefore, the court HEREBY RECOMMENDS that Plaintiff's motion for a temporary restraining order and/or preliminary injunctive relief, filed February 12, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  The parties are advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
4  1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:   **June 11, 2009**            **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE