**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD J. MULLINS, | CASE NO. 1:07-cv-00108 LJO DLB PC |
| Plaintiff, | ORDER GRANTING MOTION<br>TO SET ASIDE ENTRY OF DEFAULT |
| vs. | (Doc. 104) |
| R. WENCIKER, | RESPONSIVE PLEADING DUE IN ELEVEN |
| (11) | DAYS |
| Defendant. | ORDER DISREGARDING PLAINTIFF'S<br>MOTION FOR EXTENSION OF TIME AS<br>MOOT |
| _____/ | (Doc. 107) |

## I.    Procedural History

Plaintiff Edward J. Mullins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 18, 2006 in the United States District Court, Central District of California.  (Doc. 1.)  This case was transferred to the Eastern District on January 19, 2007.   On September 3, 2008, Defendant Wenciker filed an answer to Plaintiff's amended complaint filed on July 24, 2006. (Doc. 62.)  Plaintiff was subsequently granted leave to amend, and on November 13, 2008, Plaintiff filed a Second Amended Complaint. (Doc. 79.) On April 23, 2009, the Court issued a Findings and Recommendations following the screening of Plaintiff's Second

1    Amended Complaint. (Doc. 89.)  On June 5, 2009, the District Judge issued an order adopting the

2    Findings and Recommendations and directing Defendant Wenciker to file a responsive pleading within

3    twenty (20) days of service of the order. (Doc. 95.)

4          Defendant Wenciker failed to timely comply with the Court's order, and on July 24, 2009,

5    Plaintiff moved for entry of default and default judgment. (Doc. 99.)  Three days later, Defendant

6    Wenciker filed an answer. (Doc. 101.)  On August 3, 2009, the Court granted Plaintiff's motion for

7    entry of default and ordered Defendant's untimely answer stricken.  Plaintiff's request for default

8    judgment was denied without prejudice.

9          Defendant now moves to set aside entry of default.  Plaintiff filed an opposition on August 14,

10   2009 and Defendant filed a reply on August 19, 2009.  Plaintiff also moves for an extension of time to

11   submit evidence in support of his motion for default judgment.  The motions are deemed submitted.

12   **II.     Defendant's Motion to Set Aside Entry of Default**

13         Once default has been entered against a defendant, the Court may, "[f]or good cause shown . .

14   . set aside an entry of default . . ." Fed. R. Civ. P. 55(c).  "The court's discretion is especially broad

15   where, as here, it is entry of default that is being set aside, rather than default judgment."  O'Connor

16   v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783

17   F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).

18   Default is generally disfavored.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).  Therefore,

19   "'[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt,

20   if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided

21   on their merits.'"  Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355

22   (9th Cir. 1974) (internal quotations and citation omitted)).  In determining whether to set aside default,

23   relevant factors including the culpability of defendant, the existence of a meritorious defense, and any

24   prejudice to Plaintiff should be considered.  American Ass'n of Naturopathic Physicians v. Hayhurst,

25   227 F.3d 1104, 1108 (9th Cir. 2000).

26         Defendant argues that the motion to set aside entry of default should be granted because: 1)

27   Defendant has already appeared in this case and has demonstrated his intent to defend, 2) Defendant's

28   failure to timely respond to the Second Amended Complaint was due to Counsel's inadvertence, 3)

2

Defendant's failure to address the timeliness of the late-filed answer was a mistake on Counsel's part, 4) the failure was harmless error, and 5) the interests of justice require that the default be set aside. Plaintiff argues in opposition that: 1) the Court properly ruled upon his motion for entry of default, 2) the California Department of Corrections and Rehabilitation's ("CDCR") conduct during the settlement discussions has been questionable, 3) the failure to file a responsive pleading constitutes more than harmless error, and 4) justice requires the entry of default be affirmed.

Defendant Wenciker appeared in this action on September 3, 2008, by responding to Plaintiff's First Amended Complaint. (Doc. 104-3, Ramsey Decl., ¶2.) In February 2009, Defense Counsel initiated settlement discussions with Plaintiff. (Id., ¶ 4.) Since that time, Defense Counsel has continued informal settlement negotiations with Plaintiff in an effort to resolve this matter. (Id.) Defendant's failure to file a timely responsive pleading to Plaintiff's Second Amended Complaint in the interim was due to oversight on Defense Counsel's part. (Id., ¶6.) Defense Counsel did not intend to refrain from filing a timely responsive pleading and once she received Plaintiff's motion for entry of default, Counsel immediately filed a responsive pleading. (Id.) Counsel was preparing a response to the motion for entry of default and default judgment when entry of default was granted. (Id.)

Defendant moved to set aside the entry of default the same day default was entered by Court order. The failure of Defendant to timely file a responsive pleading appears to be the result of excusable neglect by Defense Counsel. There is no evidence in the record from which the court may conclude that Defendant willfully and intentionally failed to comply with the applicable rules.

Resolution of an action on its merits is favored. Resolution by default is not. Plaintiff has demonstrated no actual prejudice and given that Defendant moved to set aside entry of default the same day default was entered (and within ten days of Plaintiff's filing his motion), the Court can discern no prejudice to Plaintiff. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) (neither simple delay in resolution of a case nor merely requiring the Plaintiff to litigate on the merits rather than allowing windfall by default constitutes prejudice).

Accordingly, based on the foregoing, Defendant Wenciker's motion to set aside entry of default, filed August 3, 2009, is HEREBY GRANTED. Defendant Wenciker is HEREBY ORDERED to file a responsive pleading within eleven (11) days of service of this order.

1

2     **III.     Plaintiff's Motion for Extension of Time**

3            In light of this Court's ruling, Plaintiff's motion to extend time to submit evidence in support of

4     his motion for default judgment is DISREGARDED AS MOOT.

5            IT IS SO ORDERED.

6     **Dated:    December 2, 2009                          /s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28