# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. MULLINS, | CASE NO. 1:07-cv-00108-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 124) |
| R. WENCIKER, et al., | |
| Defendants. | ORDER DISREGARDING MOTION FOR TRANSCRIPTS |
| / | (Doc. 128) |

Plaintiff Edward J. Mullins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is (1) Plaintiff's motion for reconsideration, filed February 16, 2010, and (2) a motion for ordering transcripts at government expense, filed March 15, 2010.

**I.      Motion For Reconsideration**

Plaintiff moves for reconsideration of the Magistrate Judge's February 4, 2010 order, which denied Plaintiff's request to file an amended pleading. Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See*, *e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.

1

1 Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514
2 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to
3 show the "new or different facts or circumstances are claimed to exist which did not exist or
4 were not shown upon such prior motion, or what other grounds exist for the motion."  The Court
5 reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or
6 contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  As such
7 the Court may only set aside those portions of the Magistrate Judge's order that are either clearly
8 erroneous or contrary to law.  Fed. R. Civ. P. 72(a).

9 Plaintiff contends that the record supports a finding of a Fourteenth Amendment
10 violation, and that Plaintiff should have been allowed to file an amended pleading.

11 "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
12 requires.'"  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006)
13 (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the
14 amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
15 delay in the litigation; or (4) is futile."  *Id.*  A review of Plaintiff's proposed amended pleadings
16 indicates that Plaintiff's amendment would be futile. Plaintiff contends that Defendant
17 Wencicker "disposed of and destroyed all of Plaintiff's property in insubordination to a decision
18 and order issued on May 1, 2006 of the Wardens/Director's level." (Doc. 124, Reconsideration
19 Mot. 2.)  This indicates that the property deprivation by Defendant Wencicker was unauthorized.
20 "An unauthorized intentional deprivation of property by a state employee does not constitute a
21 violation of the procedural requirements of the Due Process Clause of the Fourteenth
22 Amendment if a meaningful postdeprivation remedy for the loss is available."  *Hudson v.*
23 *Palmer*, 468 U.S. 517, 533 (1984).  California has a post-deprivation remedy available for
24 property deprivations.  *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

25 Plaintiff also contends that he was denied access to the courts, in this case, to the inmate
26 grievance process. (Reconsideration Mot. 2-3.)  Plaintiff contends that by destroying Plaintiff's
27 property, Defendant Wencicker deprived Plaintiff of his right to appeal Defendant Wencicker's
28 lower level decision.  (Reconsideration Mot. 3.)  This argument is incorrect.  Plaintiff was denied

his property by Defendant Wencicker, not his access to the inmate grievance system.[1] Plaintiff's amended pleadings would be futile. Accordingly, the Court does not find that the Magistrate Judge's order was clearly erroneous or contrary to law. Plaintiff's motion for reconsideration is DENIED.

## II.  Motion For Transcripts

On March 3, 2010, Plaintiff filed a notice of appeal regarding the Magistrate Judge's denial of Plaintiff's motion to amend his complaint. On March 15, 2010, Plaintiff filed a motion requesting that the Court order Defendants to provide a transcript to the Court of Appeals for the Ninth Circuit for adjudication of his appeal. Because the Ninth Circuit issued its mandate regarding Plaintiff's appeal on May 6, 2010, dismissing Plaintiff's appeal, Plaintiff's motion for transcripts is DISREGARDED as moot.

IT IS SO ORDERED.

Dated: __May 7, 2010__                    __/s/ Lawrence J. O'Neill__
                                          UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, the existence of an administrative grievance process does not create a substantive right and cannot support a claim for relief for violation of a constitutional right. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).