# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. MULLINS,                     Plaintiff,         v.   R. WENCIKER, et al.,                     Defendants. _____/ | CASE NO. 1:07-CV-00108-LJO-DLB PC   ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOCS. 134, 141)   ORDER REGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOCS. 138, 140)   DEFENDANT'S RESPONSE DUE WITHIN SEVEN DAYS |

Plaintiff Edward J. Mullins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on his second amended complaint against Defendant Wenciker for retaliation in violation of the First Amendment. Pending before the Court are: 1) Plaintiff's motions requesting appointment of counsel, filed August 20, 2010 and September 9, 2010, and 2) Plaintiff's motions requesting an extension of time to produce documents, filed September 8, 2010 and September 9, 2010.

**I.      Appointment Of Counsel**

Plaintiff requests appointment of counsel because he was previously incarcerated in administrative segregation, and that an attorney would have better access to legal research and more familiarity with the legal process. (Doc. 134.) Plaintiff also contends that he should have an attorney present during his deposition, scheduled for September 20, 2010, because he fears that he may say things that can be used against him in a future criminal prosecution. (Doc. 141.)

As stated previously in other orders, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The assistance of an attorney would most likely be beneficial to Plaintiff, but that is not the test. Furthermore, Plaintiff's concerns about self-incrimination during his deposition are vague. The

deposition will concern the litigation in this action, namely Plaintiff's claim against Defendant Wencicker for retaliation. It is very speculative that criminal prosecution against Plaintiff would follow from anything discussed at the deposition.

Accordingly, Plaintiff's motions requesting appointment of counsel, filed August 20, 2010 and September 9, 2010 are DENIED.

## II. Extension Of Time For Documents

Plaintiff requests a new date to produce ordered documents. (Doc. 138.) It is not entirely clear what documents Plaintiff needs to produce. Based on Plaintiff's motion, Plaintiff contends that he had no access to his legal property when he was transferred to California State Prison-Lancaster on August 20, 2010. (*Id.*) Plaintiff contends that he needs certain documents in preparation for a deposition hearing on September 20, 2010.[1]

Plaintiff later states in his September 9, 2010 motion that he does have access to his legal property as of September 1, 2010. (Doc. 140.) Accordingly, Plaintiff's motion for extension of time, filed September 8, 2010, is DENIED as moot.

Plaintiff contends that he needs additional time to access his central file in order to obtain some documents required for the deposition. (*Id.*) Plaintiff also requests an extension of the discovery deadline. (*Id.*) Plaintiff appears to seek access to his central file. An extension of the discovery deadline is unnecessary. That deadline covered only Plaintiff's discovery requests on the Defendant or third parties that would need to be subpoenaed. However, Plaintiff may not have all the documentation necessary for the deposition scheduled for September 20, 2010. As Defendant is requesting the deposition, the Court will require Defendant to submit a response to Plaintiff's September 9, 2010 motion.

## III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:
1) Plaintiff's motions for appointment of counsel, filed August 20, 2010 and September 9, 2010 are DENIED;
2) Plaintiff's motion for extension of time, filed September 8, 2010, is DENIED as moot; and
3) Defendant is to file a response to Plaintiff's September 9, 2010 motion requesting an extension of time to obtain documents from his central file. Defendant is to file this response within **seven (7) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   September 14, 2010                 /s/ Dennis L. Beck
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff further contends that California State Prison-Lancaster is in violation of an injunction that was allegedly issued in *Mullins v. Villasenor*, Case No. 1:09-CV-02045-DLB PC. Plaintiff misinterprets the Court's July 21, 2010 Order in *Villasenor*. The Court merely ordered the service of Plaintiff's motion for preliminary injunction on the defendants in that action in order for those defendants to respond. The Court did not yet decide whether a preliminary injunction should be granted in that action. Furthermore, the defendants in that action are not the same as the Defendant in this action, and thus the Court has no jurisdiction in this action over them. Plaintiff is alleging that CSP-Lancaster or the Director of Corrections is responsible for depriving Plaintiff of his legal property. Neither is a defendant in either action. This issue is ultimately moot, as Plaintiff later acknowledges receiving his property on September 1, 2010.