# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. MULLINS, | CASE NO. 1:07-CV-00108-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER (DOC. 145) |
| v. | |
| R. WENCICKER, | DEPOSITION DEADLINE: OCTOBER 20, 2010 |
| Defendant. | |
| | ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |
| / | (DOC. 147) |

Plaintiff Edward J. Mullins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on his second amended complaint against Defendant Wencicker for retaliation in violation of the First Amendment. Pending before the Court are: 1) Defendant's motion to modify the scheduling order, filed September 17, 2010; and 2) Plaintiff's motion to alter or amend the judgment, filed September 23, 2010.

**I.     Defendant's Motion**

Defendant seeks to modify the scheduling order for the limited purpose of deposing Plaintiff. Defendant had previously sought an extension of time and received a date of September 20, 2010 to conduct the deposition. However, because Plaintiff was subsequently transferred to Lancaster State Prison, and lacked certain documents for the deposition date of September 20, Defendant moves for a thirty-day extension of time.

1

Motions to modify the scheduling order require a showing of good cause. Fed. R. Civ. P. 16(b)(4). Good cause appearing, the Court HEREBY ORDERS that Defendant's motion to modify the scheduling order for purposes of conducting a deposition, filed September 17, 2010, is GRANTED. Defendant is granted up to and including October 20, 2010 in which to depose Plaintiff regarding this action.

## II.    Plaintiff's Motion

Plaintiff moves to alter the Court's judgment denying Plaintiff appointment of counsel. Plaintiff refers to the Court's September 14, 2010 Order denying Plaintiff appointment of counsel. Plaintiff contended, inter alia, that counsel was necessary during this deposition to protect Plaintiff from self-incrimination. The Court found this contention vague and insufficient to justify appointment of counsel.

Plaintiff now contends that he has pertinent material which indicates that there are underlying dynamics and invisible factors in this action. Plaintiff further contends that he is being denied access to the courts at Lancaster State Prison. Plaintiff seeks an alteration of the Court's order and for a grant of Plaintiff's request for counsel.

As to the denial of access to the courts, this Court lacks jurisdiction. Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985). Lancaster State Prison is not a defendant in this action, and thus the Court has no jurisdiction over parties not before it.

As to the appointment of counsel, Plaintiff fails to submit any evidence in support. Applications for reconsideration require submission of what new or different facts or circumstances are claimed to exist. *See* L. R. 230(j). Plaintiff's allegations are unsupported, and

thus there is no basis for the Court to appoint counsel for Plaintiff or reconsider its previous order.

Based on the foregoing, Plaintiff's motion, filed September 23, 2010, is denied.

IT IS SO ORDERED.

Dated: **October 1, 2010**          **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE