# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. MULLINS,<br><br>         Plaintiff,<br><br>    v.<br><br>R. WENCIKER, et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:07-CV-00108-LJO-DLB PC<br><br>ORDER DENYING RECONSIDERATION<br><br>(DOC. 155) |

Plaintiff Edward J. Mullins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed November 13, 2008, against Defendant R. Wenciker for retaliation in violation of the First Amendment.

Pending before the Court is Plaintiff's motion for reconsideration of the Court's October 4, 2010 Order, which denied Plaintiff's motion to alter or amend the Court's judgment. (Doc. 155.) Plaintiff had moved for appointment of counsel during his deposition in order for Plaintiff to protect himself from self-incrimination. Plaintiff contends that he submitted supporting evidence to justify the appointment of counsel for the deposition. On October 12, 2010, Plaintiff submitted his declaration in support of appointment of counsel. (Doc. 153.)

Applications for reconsideration require that the moving party show "what new or different facts or circumstances are claimed to exist . . . which were not shown upon such prior motion." L.R. 230(j)(3). A Court may grant relief from an order for any reason that justifies

1

relief. Fed. R. Civ. P. 60(b).

The documents submitted by Plaintiff indicate that he was charged with a disciplinary infraction on December 13, 2005 for threats against prison staff, and found guilty. (Doc. 153, Ex. 821.) This charge was later dismissed. (Doc. 153, Ex. 1.)

Plaintiff's request for reconsideration fails to demonstrate why appointment of counsel should be granted for the deposition. Plaintiff has presented no evidence indicating that he will incriminate himself. Plaintiff's disciplinary charge for threats against prison staff was dismissed.

As stated previously in other orders, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

There are no exceptional circumstances present. Plaintiff is also capable of adequately articulating his claims in this action. Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed October 14, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   **October 26, 2010**          **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE