# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. MULLINS,<br><br>      Plaintiff,<br><br>    v.<br><br>R. WENCIKER, et al.,<br><br>      Defendants.<br>                                / | CASE NO. 1:07-CV-00108-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(DOCS. 158, 159)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

      Plaintiff Edward J. Mullins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for preliminary injunctive relief filed October 22, 2010. Doc. 159. Plaintiff also filed a motion to dispense of the requirement for security to be posted pursuant to Federal Rule of Civil Procedure 65(c).

      "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S. Ct. at 376. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.*

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff requests injunctive relief against the "real" defendants in this action, who he names as the CDCR, which includes the director and the warden of California State Prison at Lancaster ("CSP-Lancaster"). Plaintiff contends that they are obstructing his ability to litigate this action and are withholding his personal property in retaliation. Unfortunately for Plaintiff, the only Defendant in this action is R. Wenciker. The Court lacks jurisdiction over non-party CDCR and CSP-Lancaster and thus may not issue an injunction over them. Because no injunction will be issued, the Court also recommends denying Plaintiff's motion for waiver of security as moot.

Accordingly, it is HEREBY RECOMMENDED that

1. Plaintiff's motion for injunctive relief, Doc. 159, filed October 22, 2010, should be DENIED, and

2. Plaintiff's motion for waiver of security, Doc. 158, filed October 22, 2010, should be DENIED as moot.

IT IS SO ORDERED.

Dated:   **December 3, 2010**                    **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE