# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JULIANO MULLINS,<br><br>          Plaintiff,<br><br>    v.<br><br>WENCIKER, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-CV-00108-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY AS MOOT (DOC. 156)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEPOSITION TRANSCRIPTS (DOC. 164) |

Plaintiff Edward J. Mullins ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant R. Wenciker. Pending before the Court are 1) Plaintiff's motion to stay the proceedings, filed October 18, 2010 and 2) Plaintiff's motion for transcript of deposition, filed January 12, 2011.

## I.    Motion To Stay

Plaintiff moved the Court for a stay of the proceedings until the Court adjudicated Plaintiff's motions for an extension of time, appointment of counsel, and return of his legal property. Plaintiff's other motions have all been resolved. *See* Findings and Recommendations ("F&R"), filed Dec. 16, 2010, Doc. 163; Order Adopting F&R, filed Jan. 28, 2011, Doc. 166 (resolving Plaintiff's motion for return of legal property); Order, filed Oct. 26, 2010, Doc. 160 (resolving motion for appointment of counsel); Order, filed Oct. 13, 2010, Doc. 152 (resolving motion for extension of time). Accordingly, Plaintiff's motion for a stay, filed October 18, 2010, is denied as moot.

II.     **Motion For Deposition Transcript**

Plaintiff moves for a copy of a transcript of Plaintiff's deposition. Plaintiff requests the transcript pursuant to Federal Rule of Civil Procedure 30(e). The deposition was conducted at California State Prison - Los Angeles County.

Pursuant to Federal Rule of Civil Procedure 30(e)(1),

> [o]n request by the deponent . . ., the deponent must be allowed thirty days after being notified by the officer that the transcript or recording is available in which:
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Once the court reporter has notified Plaintiff that the transcript is available, Plaintiff is granted thirty days in which to review the transcript and provide any changes. A court order is not required.

Plaintiff is not entitled to a copy of the deposition transcript for free, even if he is proceeding in forma pauperis. *See id.* 30(f)(3) (requiring the officer who recorded transcript to furnish a copy to deponent "[w]hen paid reasonable charges"); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (citations omitted) (finding that expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress). Accordingly, it is HEREBY ORDERED that Plaintiff's motion for a copy of the deposition transcript without payment is denied.

IT IS SO ORDERED.

Dated:   **August 2, 2011**                          /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE