# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. MULLINS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>R. WENCIKER, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:07-CV-00108-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(DOC. 186) |

　　　　Plaintiff Edward J. Mullins ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 28, 2011, Defendant Wenciker filed a Motion for Summary Judgment.  Doc. 170.  On November 1, 2011, the Magistrate Judge filed a Findings and Recommendations, recommending that Defendant's motion be granted and judgment entered accordingly.  Doc. 178.  On November 30, 2011, the undersigned adopted the Findings and Recommendations.  Doc. 180.  Pending before the Court is Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed December 13, 2011.  Doc. 186.

　　　　Motions to reconsider are committed to the discretion of the trial court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision.  *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in*

1

1 *part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff reiterates his arguments from his opposition to Defendants' Motion for Summary Judgment and his objections to the Findings and Recommendations.  No new facts or circumstances exist for the Court to reconsider its judgment.  *See DeMasse v. I.T.T. Corp.*, 915 F. Supp. 1040, 1048 (D. Ariz. 1995) (motion properly denied when it merely attempted to relitigate previously considered matters).  Accordingly, it is HEREBY ORDERED that Plaintiff's motion to amend the judgment, filed December 13, 2011, is denied.

IT IS SO ORDERED.

**Dated:   December 20, 2011**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE